```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

MICHAEL S. WILSON,

       Plaintiff,

v.                              CIVIL ACTION NO. 2:08-cv-0180

CHRYSLER, LLC,
a foreign corporation
f/k/a DaimlerChrysler Corporation,

       Defendant.

## MEMORANDUM OPINION AND ORDER

By order entered May 10, 2023, this court ordered the plaintiff to show cause on or before June 2, 2023 why this civil action should not be dismissed without prejudice for failure to prosecute. ECF No. 84. The plaintiff failed to file any response to the court's show cause order.

"A district court may dismiss an action for lack of prosecution, either upon motion by a defendant pursuant to Federal Rule of Civil Procedure 41(b) or on its own motion." McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976) (citing Reizakis v. Loy, 490 F.2d 1132 (4th Cir. 1974)); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot seriously be doubted."). In the Fourth Circuit, a district court is required to "consider four factors

before dismissing a case for failure to prosecute: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r, 916 F.2d 171, 174 (4th Cir. 1990).

Here, the third Hillig factor weighs so heavily in favor of dismissal as to be determinative. As the court explained in its show cause order, subsequent to the imposition of the bankruptcy stay in this matter, the court directed the parties to file quarterly status reports during the pendency of the stay. The parties repeatedly failed to comply with this order, and the court entered orders reminding the parties of their obligation to submit status reports to the court on three occasions. See ECF Nos. 36, 39, 47.

At a certain point, the parties ceased submitting status reports altogether without obtaining leave from the court to do so. The plaintiff's most recent status report was filed on July 1, 2016 (ECF No. 82). Therein, he asserted that he filed a proof of claim but made no indication as to whether proceedings involving his claim with the Liquidation Trust had concluded.

Thereafter, plaintiff made no effort to inform the court about the status of his Liquidation Trust claim or that the

bankruptcy proceeding had been closed.  Upon the court's review of the docket in that proceeding, In re Old CarCo LLC, 1:09-bk-50002 (Bankr. S.D.N.Y.), it appears that the matter is closed, with the most recent order of that court having been entered on January 27, 2022.

Finally, when ordered to show cause why this case should not be dismissed for want of prosecution, the plaintiff failed to file any response.

In light of the plaintiff's failure to take any action to prosecute this case in nearly seven years, it is ORDERED that this civil action be, and hereby is, dismissed without prejudice for failure to prosecute and removed from the docket of this court.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: June 8, 2023

John T. Copenhaver, Jr.
Senior United States District Judge